SANDRA D. HAUSER (*pro hac vice* app forthcoming)
sandra.hauser@dentons.com
JEFFREY A. ZACHMAN (*pro hac vice* app forthcoming)
jeffrey.zachman@dentons.com
JON A. BRAUNSTEIN (CA Bar No. 227322)
jon.braunstein@dentons.com
DENTONS US LLP
1999 Harrison Street, Suite 1300
Oakland, CA 94612
Tel: 415-882-0170
Fax: 415-882-0300

Attorneys for Defendant METROPOLITAN
TOWER LIFE INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUDY HASHIMOTO, Individually, and on Behalf of the Purported Class, and SUSAN M. HOLDERMAN, Individually, and on Behalf of the Purported Class,<br><br>Plaintiffs,<br><br>v.<br><br>METROPOLITAN TOWER LIFE INSURANCE COMPANY and DOES 1 through 300, Inclusive,<br><br>Defendant. | Case No.<br><br>DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446<br><br>Date Action Filed: October 10, 2023 |

TO THE JUDGES AND CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA.

PLEASE TAKE NOTICE that Defendant Metropolitan Tower Life Insurance Company, contemporaneously with the filing of this Notice of Removal, hereby seeks removal of the below-referenced action from the Superior Court of the State of California, County of Alameda, to the United States District Court for the Northern District of California.

Case 3:23-cv-05644-JD   Document 1   Filed 11/01/23   Page 2 of 6

The removal is based on 28 U.S.C. §§ 1332, 1441, and 1446, specifically on the following grounds:

1. On October 10, 2023, Plaintiffs Susan Holderman and Judy Hashimoto filed a Complaint with the Superior Court of the State of California, County of Alameda, Case No. 23CV047039 (the "Action"). Defendant received copies of the Summons and Complaint in the Action via counsel, together with a request for acknowledgment of service, which was returned and deemed accepted as of October 26, 2023. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of Plaintiffs' Summons and Complaint with which Defendant was served in the Action is attached as **Exhibit 1**.

2. In the Action, Plaintiffs individually and on behalf of a purported class allege breaches of contract and violations of California Business & Professions Code § 17200, *et seq*. (the "UCL") in connection with life insurance policy lapses. Plaintiffs argue that such lapses did not comply with California Insurance Code §§ 10113.71 and 10113.72.

3. Plaintiffs seek money damages and a declaratory judgment pursuant to California Civil Code § 1060, *et seq*.

4. This Court has jurisdiction over the Action pursuant to 28 U.S.C. §§ 1332(a) and 1441(b) because there is complete diversity of citizenship between Plaintiffs and Defendant and the amount in controversy exceeds $75,000, exclusive of interest and costs. As a separate and independent basis for jurisdiction, this action is also removable under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because this is a purported class action alleged to involve more than 100 putative class members, the aggregate amount in controversy excluding interest and costs exceeds $5,000,000, and there is minimal diversity.

## DIVERSITY OF CITIZENSHIP

5. For the purpose of citizenship, an individual is a citizen of a state in which they are domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090

2   DEFENDANT'S NOTICE OF REMOVAL

DENTONS US LLP
1999 HARRISON STREET, SUITE 1300
OAKLAND, CA 94612
TEL: 415-882-0170

(9th Cir. 1983). Similarly, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Finally, for the purpose of determining diversity for jurisdictional purposes, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1); *see also Gardiner Family, LLC v. Crimson Res. Mgmt. Corp.*, 147 F. Supp. 3d 1029, 1036 (E.D. Cal. 2015) (holding that "Does" named in Complaint without any indication as to their identities or relationship to the action are wholly fictitious and properly disregarded for jurisdictional purposes). Where, as here, the plaintiffs bring an action purportedly on behalf of a class, the court looks only to "the citizenship of the named plaintiffs at the time the action is filed." *Gibson v. Chrysler Corp.*, 261 F.3d 927, 931, n.2 (9th Cir. 2001), *holding modified on other grounds by Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005).

6. Plaintiff Susan Holderman alleges that she "is and has been a resident and citizen of California at all times relevant." (Compl. ¶ 30). Ms. Holderman is thus a citizen of California.

7. Plaintiff Judy Hashimoto alleges that she "is and has been a resident and citizen of California at all times relevant." (Compl. ¶ 29). Ms. Hashimoto is thus a citizen of California.

8. Defendant is incorporated in Nebraska and its principal place of business is in New York. Defendant is thus a citizen of Nebraska and New York.

9. Plaintiffs' Complaint fails to identify DOES 1-300. (Compl. ¶ 33).

10. Thus, there is complete diversity of citizenship between Plaintiffs and Defendant under 28 U.S.C. §§ 1332(a).

11. Additionally, 28 U.S.C. § 1332(d) allows for diversity where there are 100 purported class members, and at least one class member is diverse from at least one defendant. Plaintiffs allege that their proposed class would "contain hundreds and perhaps thousands of members." (Compl. ¶ 83). As explained above, complete

diversity exists between Plaintiffs and Defendant. Thus, this matter also meets the minimal diversity requirement of 28 U.S.C. § 1332(d).

## AMOUNT IN CONTROVERSY

12. Plaintiffs' Complaint is silent as to the total amount in controversy, but Plaintiffs' breach of contract claim seeks "economic damages, including loss of policy benefits and/or the value of the policy and allowed interest under the terms of the policy and the law." (Compl. ¶ 114). Plaintiffs' UCL claim seeks a judgment for monetary restitution where available, as well as attorneys' fees and costs. Plaintiffs allege that that Defendant has "rob[bed]" them of money consisting of "policy coverage, value, and/or benefits." (Compl. ¶¶ 122-23).

13. Plaintiffs specifically claim the Action is premised on two policies: one with a $300,000 face value (Compl. ¶ 65) and another with a $100,000 face value (Compl. ¶ 54). *See Elhouty v. Lincoln Benefit Life Co.*, 886 F.3d 752, 756 (9th Cir. 2018) (holding that when the action seeks a policy benefit, that is the amount in controversy). The amount in controversy as to Plaintiffs' individual claims alone thus well-exceeds the $75,000 threshold to establish diversity jurisdiction under 28 U.S.C. §§ 1332(a).

14. Plaintiffs additionally seek attorneys' fees and costs, which often exceed the minimum jurisdictional amount on their own. *See Cain v. Hartford Life & Acc. Ins. Co.*, 890 F. Supp. 2d 1246, 1250 (C.D. Cal. 2012) (holding that Court was within its discretion to find that attorneys' fees would exceed jurisdictional limit).

15. Plaintiffs additionally allege that her class claims relate to comparable policies for hundreds or thousands of purported class members. (Compl. ¶ 83).

16. Accordingly, the amount in controversy in Plaintiffs' Complaint definitively exceeds $75,000 and satisfies the amount-in-controversy requirement of 28 U.S.C. §§ 1332(a), as well as the $5,000,000 requirement of 28 U.S.C. §§ 1332(d), to establish diversity jurisdiction.

## TIMELINESS OF REMOVAL

17. Defendant received a copy of the Summons and Complaint in the Action on October 18, 2023.

18. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed within thirty days of Defendant's notice and receipt of Plaintiffs' Complaint.

## VENUE IS PROPER

19. The Action was filed in the Superior Court of the State of California, County of Alameda, and venue is therefore proper in this Court pursuant to 28 U.S.C. §§ 84(c), 1391, 1441(a), and 1446.

## NOTICE TO PLAINTIFFS AND SUPERIOR COURT

20. Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Northern District of California, and pursuant to 28 U.S.C. § 1446(d), written notice of this filing and any attendant supplementary papers required by this Court will be given to Plaintiffs, and a copy of the Notice of Removal will be filed with the Clerk of the Superior Court of the State of California, County of Alameda.

## RESERVATION OF RIGHTS

21. Defendant, by filing this Notice of Removal, does not waive any defenses or objections available to it under the law. Defendant reserves the right to amend or supplement this Notice of Removal.

Dated: November 1, 2023

Respectfully submitted,

DENTONS US LLP

By: /s/ *Jon A. Braunstein*
    Jon A. Braunstein
    Sandra D. Hauser (*pro hac app*)
    Jeffrey A. Zachman (*pro hac app*)

Attorneys for Defendant
METROPOLITAN TOWER LIFE INSURANCE COMPANY

# CERTIFICATE OF SERVICE

I, Jon A. Braunstein, declare that I am over the age of 18 years and am not a party to this case. I am counsel of record and am employed in the state of California, where my business address is 1999 Harrison Street, Suite 1300, Oakland, CA 94612

On November 1, 2023, I served the foregoing document:

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446

On counsel for Plaintiffs in the Action, as follows:

NICHOLAS & TOMASEVIC, LLP
Craig M. Nicholas
Alex Tomasevic
225 Broadway, 19th Floor
San Diego, CA 92101
Email: cnicholas@nicholaslaw.org
Email: atomasevic@nicholaslaw.org

WINTERS & ASSOCIATES
Jack B. Winters
Sarah Ball
8489 La Mesa Boulevard
La Mesa, CA 91942
Email: jwinters@singletonschreiber.com
Email: sball@singletonschreiber.com

SINGLETON SCHREIBER, LLP
Michelle Meyers
1414 K Street, Suite 470
Sacramento, CA 95814
Email: mmeyers@singletonschreiber

By causing it to be placed in an envelope addressed to each interested party as set forth above. Prepaid postage was affixed to the envelope, which was then deposited for mailing with the U.S. Postal Service.

Additionally, courtesy copies of the foregoing document were served on the above-listed counsel for Plaintiffs via email.

I declare under penalty of perjury that the foregoing is true and correct. Executed on November 1, 2023.

      /s/ *Jon Braunstein*
      Jon Braunstein